UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES MERRELL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-348 |
| | § | |
| THE HARTFORD, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On this day came on to be considered Defendant's Motion to Reconsider Denial of Hartford's Summary Judgment. (D.E. 28.) For the reasons stated herein, Defendant's Motion is DENIED.

**I.   Jurisdiction**

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), because Plaintiff alleges claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA").

**II.   Procedural Background**

On September 4, 2009, the Court issued an Order denying Plaintiff's and Defendant's Motions for Summary Judgment in the above-styled action. (D.E. 23.) On September 18, 2009, Defendant filed a Motion to Reconsider Denial of Hartford's Summary Judgment. (D.E. 28.) Plaintiff filed its Response on September 21. (D.E. 30.)

**III.   Discussion**

Reconsideration of interlocutory orders is governed by Federal Rule of Civil Procedure 54(b), which provides that such an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P.

54(b). As the "denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." McKethan v. Texas Farm Bureau, 996 F.2d 734, 738 n.6 (1993) (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir.1990)); see also Louisiana v. Guidry, 489 F.3d 692, 698 n.14 (5th Cir. 2007) (same). Whether to grant a motion to reconsider an interlocutory order is within the district court's discretion. See Vlasek v. Wal-Mart Stores, Inc., No. H-07-0386, 2008 WL 167082, at *1 (S.D. Tex. Jan. 16, 2008) ("Motions to reconsider interlocutory orders are left to the court's discretion so long as not filed unreasonably late."); see also Dos Santos v. Bell Helicopter Textron, Inc. Dist., __ F. Supp. 2d. __, 2009 WL 2474771, at *3 (N.D. Tex. Aug. 13, 2009) ("Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court."); Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp., 259 F. Supp. 2d 471, 475 (M.D. La. 2002) ("District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order.").

In this case, Defendant argues that the Court should grant its motion for reconsideration because the Court was not adequately briefed on two Fifth Circuit decisions, Holland v. Int'l Paper Co. Retirement Plan, 576 F.3d 240 (5th Cir. 2009), and Dutka ex rel. Estate of T.M. v. AIG Life Ins. Co., 573 F.3d 210 (5th Cir. 2009), both of which were issued while the parties were completing their motions. (D.E. 28 at 1.) Defendant claims that Holland and Dutka "establish two important principles of post-[Metropolitan Life Ins. Co. v. Glenn, __ U.S. __, 128 S. Ct. 2343, 2351 (2008)] jurisprudence." (Id.) Specifically, defendant claims that these cases "affirm once again that an ERISA administrator's weighing of conflicting evidence must be

reviewed under an abuse of discretion standard, and . . . must be upheld if it is supported by any evidence," and they "place the burden of proof regarding conflict issues on the plaintiff, and not the defendant." (Id.) Defendant also reargues several points raised in its Motion for Summary Judgment, and suggests that any trial would in effect be an improper de novo review of The Hartford's factual determinations, when any such review should only be for an abuse of discretion. (Id. at 6-8.)

Plaintiff makes four arguments in response. First, Plaintiff disputes Defendant's interpretation of Dutka and the burden of proof as to an administrator's conflict of interest, arguing that the existence of a conflict is a legal determination, and if anything, Glenn places the burden of overcoming a conflict of interest on the insurer. (D.E. 30 at 1-3.) Second, Plaintiff argues that the Court should not take into account the declaration Defendant filed with its Motion to Reconsider. (Id. at 4.) Third, Plaintiff contends that the Court can and should consider Defendant's conflict of interest as a "tiebreaker" if the benefits decision is a close call. (Id. at 5.) Finally, Plaintiff disputes Defendant's characterization of the evidentiary standard applicable in ERISA cases. (Id. at 5-6.)

The Court was fully aware of Holland and Dutka when it issued its decision on September 4, 2009, and does not believe that these decisions alter the outcome of this case. The Court applied the abuse of discretion standard in its Order, and in fact quoted much of the same language that Defendant now contends requires a different result. (Compare D.E. 23 at 6 with D.E. 28 at 3, 4.) The Court did not alter its standard of review when noting the conflict of interest, nor did it conclude that such a conflict would even be a significant factor. The Court simply noted the lack of any evidence in the record that would allow it to judge the importance of any conflict on summary judgment. (D.E. 23 at 11.) Furthermore, the Court declines to

interpret footnote 6 in Dutka as placing the burden of proof for a conflict of interest "squarely on the plaintiff," (D.E. 28 at 3) as Defendant contends, particularly where the Supreme Court in Glenn stated "neither do we believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." 128 S. Ct. at 2351; Holland, 576 F.3d at 247 (recognizing that Glenn "eschewed special burden-of-proof rules" with regard to a conflict of interest).

Defendant also incorrectly interprets the Court's denial of summary judgment as an indication that it intends to "conduct a trial de novo on the question of whether Merrell receives $587 or $622.40 in SSDI benefits . . . ." (D.E. 28 at 7.) As the Court stated in its Order, abuse of discretion is the appropriate standard of review for factual determinations under ERISA plans, (D.E. 23 at 6) and the Court will apply this standard at trial. The Court did not deny summary judgment to conduct a trial de novo, but rather because it concluded that summary judgment was inappropriate for resolution of this dispute, given the presence of a genuine issue of material fact.

The Court concludes that there is no basis to reconsider its Order denying Defendant's Motion for Summary Judgment.

## IV. Conclusion

For the reasons stated above, the Court DENIES Defendant's Motion to Reconsider Denial of Hartford's Summary Judgment. (D.E. 28.)

SIGNED and ORDERED this 22nd day of September, 2009.

_____
Janis Graham Jack
United States District Judge